UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 18-CR-0432-JLS |
| | ) | |
| | ) | ORDER EXCLUDING TIME UNDER THE |
| v. | ) | SPEEDY TRIAL ACT FROM FEBRUARY |
| | ) | 5, 2021 UNTIL MARCH 5, 2021 |
| | ) | |
| JIMMY COLLINS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

The Court finds as follows:

1.   The Court has excluded time from the Speedy Trial Act calculation in this matter from January 26, 2018 through February 5, 2021, Docs. 60, 68, 86, 106, 121, 125, 136, 157, 158, 167, 193, 217-18, and hereby incorporates those findings and orders by reference.

2.   On March 17, 2020, due to the COVID-19 pandemic, Chief Judge Larry A. Burns declared a judicial emergency in the Southern District of California, which has been continued by subsequent Orders of the Chief Judge until at least March 8, 2021. OCJ 60.

3.   Amid the pandemic, on February 28, 2020 and March 5, 2020, defendants Jimmy Collins and Ashley Collins filed numerous pretrial motions, Docs. 126, 127, to which the United States responded on April 3, 2020 and April 6, 2020.  Docs. 131, 134.  Those motions were originally scheduled to be heard by the Court on April 24, 2020.

4.   On April 2, 2020, defendant Jimmy Collins and Ashley Collins and three additional defendants, Kyle Adams, Daniel Castro, and Jeremy Syto were charged by Superseding Information. A superseding Indictment was subsequently returned on June 10, 2020.

5.   Due to the declaration of judicial emergency, the Court, on its own motion, continued the motion hearing scheduled for April 24, 2020, first to May 24, Doc. 136, and later to July 2 and July 8, 2020, Doc. 155 and 156, on those occasions excluding time from the Speedy Trial Act calculation.  See, e.g., Docs. 136, 157, 158.

6.   On July 8, 2020, the Court granted defendants' request to file additional motions related to the Superseding Indictment and continued the motion hearing/trial setting to September 17, 2020.

7.   On September 17, 2020, the Court heard argument and ruled upon defendants' various pretrial motions.  The Court set a further status conference and trial setting hearing for December 4, 2020.

8.   On December 4, 2020, the Court held a status conference. Owing to the continued exigency of the global pandemic and the current trial plan in the SDCA, the Court set further status for February 5, 2021 to assess potential trial dates.  That date was continued sua sponte by the Court until March 5, 2021.

9.   As the Court has previously found, this case is a complex and unusual health care fraud case, involving many separate individuals and entities in multiple states and losses to the United States of over $65,000,000. The United States has produced voluminous discovery consisting of hundreds of gigabytes of data, reams of patient files, dozens of interview reports, contract documents, insurance documents, and correspondence, which counsel needs time to review and evaluate.  Based on these considerations, it would be unreasonable to expect adequate preparation for pretrial proceedings and trial within the otherwise applicable time limits.

2

10.   As a result of the complexity of the case and the time needed to review and make effective use of the discovery, the defense requires additional time to evaluate which, if any, issues of fact or law to pursue and how to defend the case, if at all.

11.   The Court, therefore, finds that the time from February 5, 2021 until March 5, 2021 shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), on the grounds that the ends of justice served by such a continuance outweigh the best interest of the public and the defendant in a speedy trial.

12.   In making this finding, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B).   Based on the complexity of the case as discussed in court and as described in the parties' previous motions, as well as the current judicial emergency in the Southern District of California, as set forth in Docs 136, 157, and 158, the Court finds that the failure to grant such a continuance would result in a miscarriage of justice; that the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits otherwise prescribed by the Speedy Trial Act; and that failure to grant such a continuance would deny counsel, including those newly appearing in the matter, the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

WHEREFORE, good cause having been shown, and pursuant to 18 U.S.C. § 3161(h)(7)(B) (in the interests of justice, based on the current judicial emergency, the complexity of the case, etc.), it is hereby ORDERED that the time from February 5, 2021 until March 5, 2021 is excluded from Speedy Trial Act calculations.

IT IS SO ORDERED.

Dated:  February 24, 2021

Hon. Janis L. Sammartino
United States District Judge

4